Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 737-1 & 2 | **DATE** | 5/14/2001 |
| **CASE TITLE** | United States of America vs. Brian F. Gore et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The first motion to dismiss counts II and V is denied. We grant the motion for a bill of particulars. The second motion to dismiss counts I,II & V is denied. Defendant's motion to suppress is denied. Motion for a severance is denied. The motion to dismiss based upon vindictive prosecution is denied. Finally, we deny the motion to revoke or amend the detention order. All other pretrial motions are denied as moot. Defendant Gore's motion to adopt is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 15 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 49 |
| | Mail A 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 MAY 15 AM 9:30 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) No. 00 CR 737 | |
| | ) | |
| BRIAN F. GORE and | ) | |
| JAMES R. TURCOTTE, | ) | |
| Defendants. | ) | |

DOCKETED MAY 15 2001

## MEMORANDUM OPINION AND ORDER

Defendant James R. Turcotte has filed 21 motions, almost all of which would have been obviated by compliance with LC&R 16.1(b) because the government agrees with most of them. Indeed, this appears to be a totally open file prosecution. Accordingly, we deny as moot the following motions:

>   Motion for Disclosure of Impeaching and Exculpatory Evidence;
>   Motion for Pretrial Production of Jenks Act Material (we assume the government is agreeing to turn over all statements well in advance of trial);
>   Motion for Santiago Statement;
>   Motion to Preserve Agents' Notes;
>   Motion for Production of Informants;
>   Motion for Pretrial List of Witnesses;
>   Motion to Require Government to Give Immediate Notice of its Intention to Use Evidence of Other Crimes;
>   Motion for Disclosure of Grand Jury Proceedings;
>   Motion to Disclose Immunity, Leniency or Preferential Treatment;
>   Motion to File Supporting Memoranda and Motions;
>   Motion for Continuing Disclosure of Favorable Evidence;
>   Motion to Disclose Experts' Testimony;
>   Motion for Production of Samples;
>   Motion for Production of Reports.

That still leaves seven motions, which we will deal with in turn.

The first is a motion to dismiss Counts II and V. Count II charges a conspiracy to

49

possess with intent to distribute, and to distribute mixtures containing "GHB, a Schedule I Controlled Substance" and GBL and BD, Schedule I controlled substance analogues. Count V charges possession on or about September 8, 2000, of mixtures containing GHB and GHL, with intent to distribute. Defendant contends that the indictment fails to allege sufficient facts to show how GBL and BD are "controlled substance analogues" of GHB, particularly because there are differing expert opinions about whether or not they are analogues, thus preventing defendant from adequately preparing a defense. The government rejoins that the information sought relates to a factual defense, not a proper matter for a motion to dismiss. Not so, says defendant. There are three definitions for the term "controlled substance analogue," and defendant argues that he cannot know how to prepare his defense without knowing upon which definition or definitions the government relies.

We think the government is correct in contending that the nature of the charge is clearly set forth and GBL and BD as analogues are matters to be proved. We deny the motion to dismiss. Here, however, the motion for a bill of particulars comes into play. The indictment sets forth the elements of the offense charged but it may not sufficiently apprise the defendant of the charges to enable him to prepare for trial. Defendant will know the government's analogue theory when he receives the report of the government's expert but that will not be until two weeks before trial, not much time to obtain an expert to contest the theory advanced by the government. The selection of an expert may well be shaped by the definition or definitions relied upon by the government. Accordingly, we grant the motion for a bill of particulars and direct the government to advise the defendant within thirty days of the definition or definitions upon which it will rely.

The second motion to dismiss moves for dismissal of Counts I, II and V on the ground that GHB is no longer a Schedule I controlled substance and that prosecution of earlier violations is barred. The government disagrees. The outcome requires some review of the legislative history and the controlling statute.

The controlling statute is the Hillary J. Farias and Samantha Reid Date-Rape Drug Prohibition Act of 1999, in which Congress found that "[a]buse of illicit GHB is an imminent hazard to public safety that requires immediate regulatory action ...." The Attorney General was directed to issue "not later than 60 days after the date of the enactment of this Act, a final order that schedules such drug ... in the same schedule under section 202(c) of the Controlled Substance Act (21 U.S.C. §812(c) as would apply to a scheduling of a substance by the Attorney General under section 201(h)(1) of such Act (21 U.S.C. §811(h)(1) ...." 21 U.S.C. §812(c) sets forth the initial schedules under the Controlled Substances Act, Schedules I through V, with Schedule I containing the drugs with a high potential for abuse, no currently accepted medical use and a lack of accepted safety for use under medical supervision. 21 U.S.C.§811 sets forth the procedures for adding (and removing) drugs from the various schedules. That normally requires rulemaking procedures, including hearings and scientific and medical evaluation by the Secretary of Health and Human Services. The Attorney General can, however, pursuant to 21 U.S.C. §811(h)(1), schedule a substance in Schedule I on a temporary basis without hearings or an evaluation by the Secretary if he finds that to be necessary to avoid an imminent hazard to the public safety.

Defendant contends that Congress directed the Attorney General to exercise his emergency powers, that he did so, and the designation of GHB as a Schedule I drug expired

one year after the designation pursuant to 21 U.S.C. §811(h)(2). We disagree. Congress designated GHB as a Schedule I drug, but it did so in a somewhat convoluted fashion, perhaps because GHB does not fit the statutory definition of a Schedule I drug: it has a substantial currently accepted medical use recognized in the Date-Rape Act. The Attorney General was directed to issue a final order within 60 days, scheduling GHB on the same schedule invoked by his §811(h)(1) emergency powers, that is, Schedule I. And if he failed to do so, then GHB would be deemed to be a Schedule I drug. The Attorney General did issue the final order as directed. In short, Congress bypassed the statutory procedure it had previously created and itself, on the basis of legislate findings in lieu of rulemaking hearings and executive evaluations, directed that GHB be scheduled as a Schedule I drug. The motion to dismiss Counts I, II and V is denied.

Defendant Turcotte moved to suppress evidence, apparently in the belief that his residence was searched without a search warrant. The government had, however, obtained a search warrant, and in his reply defendant appears to have abandoned his motion. It is denied. He also moves for a severance but he presents no reasons why he should have a separate trial. That motion is denied. Similarly, he offers nothing to suggest that he was singled out for prosecution due to some improper reason. Indeed, the detention hearing disclosed that others distributing GHB for consumption as a supplement have been or are being prosecuted. The motion to dismiss based upon vindictive prosecution is denied.

Finally, we deny the motion to revoke or amend the detention order. Magistrate Judge Ashman conducted a very extensive detention hearing. While the defendant is not a flight risk and his opportunities to resume distribution may be limited, the evidence did indicate that he

was profiting significantly from the distribution and that he engaged in the distribution while aware that because GHB was causing injury and even death the government was seeking to prevent any distribution. He was, at least at the time of appointment of counsel, unemployed. Judge Ashman imposed a rather unobtrusive form of detention: home-monitoring. We recognize that we are to take a fresh look, but we have no reason to disagree with the order entered.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 14, 2001.